PREGERSON, Circuit Judge,
dissenting:
I dissent. The .rationale behind the Montreal Convention’s uncompromising two-year statute of limitations (and its $75,Q00 cap on damage awards) is to protect international, airline carriers to the detriment of passengers who suffer injuries caused by airline personnel.
The “primary purpose” of the original Warsaw Convention of 1929 was to “limit[ ] the liability of air carriers in order to foster the.growth of the fledgling comqier-cial aviation industry.” Eastern Airlines, *1133 Inc. v. Floyd, 499 U.S. 530, 546, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991) (citations omitted). The Warsaw Convention was written when the airline industry was in its vulnerable infancy, and when air travel was considered risky.
The Montreal Convention, however, was adopted in 1999, after international air travel became a multi-billion dollar industry, and the risks of flying had decreased exponentially. In fact, Mr. Narayanan’s injury was not among the dangers typically associated with air travel (such as mechanical failures and pilot error), but was due solely to the negligence of British Airways’s employees. Yet the Montreal Convention, by retaining the Warsaw Convention’s rigid statute of limitations, continues to protect international airline carriers at the expense of its passengers, and bars Mr. Narayanan’s family from holding British Airways accountable for its misconduct.
Because of the unfair and unconscionable result in this case and perhaps others, I hope that the Montreal Convention will be revisited and revised to protect families like the Narayanans.